IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-12-79-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| BRIAN KARL FREDERICK, JR., | |
| Defendant. | |

## I. Synopsis

Mr. Frederick was accused of violating his conditions of supervised release by failing to report to the United States Probation Officer as directed, failing to refrain from the use of controlled substances, and failing to abstain from the consumption of alcohol. He admitted to the violations. Mr. Frederick's supervised release should be revoked. He should be placed in custody for eight months, with 18 months of supervised release to follow. Should Mr. Frederick successfully complete substance abuse treatment as recommended by his probation officer in compliance with Special Condition 5, the Court should consider reducing the term of his supervised release.

## II. Status

In November 2012, Mr. Frederick pleaded guilty to the offense of Failure to

Register as a Sex Offender. Doc. 25. He was sentenced to 20 months of incarceration, with 60 months of supervised release to follow. Doc. 35. Mr. Frederick's term of supervised release began on March 18, 2014. Doc. 39.

**Petition**

On April 8, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Frederick's supervised release. In the petition, the Probation Office accused Mr. Frederick of violating Standard Condition 2 of his supervised release by failing to report as directed to the probation officer. The Probation Office also accused Mr. Frederick of violating Standard Condition 7 of his supervised release by failing refrain from the use of controlled substances. The Probation Office alleges Mr. Frederick violated Special Condition 1 of his supervised release by failing to abstain from the consumption of alcohol. Doc. 39. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Frederick's arrest. Doc. 40.

**Initial appearance**

Mr. Frederick appeared before the undersigned on April 13, 2015, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Frederick said he had read the petition and understood the allegations.

Mr. Frederick waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On April 23, 2015, Mr. Frederick appeared with Mr. Arvanetes before the undersigned for a revocation hearing. Assistant United States Attorney Laura Weiss appeared on behalf of the United States.

Mr. Frederick admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Frederick's supervised release.

Mr. Frederick's violation grade is Grade C, his criminal history category is VI, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for eight to 14 months in custody.

Mr. Arvanetes recommended a sentence of eight months of incarceration, with 28 months of supervised release. Ms. Weiss recommended a sentence within the guideline range, with 18 months of supervised release to follow. Mr. Frederick addressed the Court and said that there is no excuse for his behavior, but he needs help with his alcohol addiction.

### III. Analysis

Mr. Frederick's supervised release should be revoked because he admitted violating its conditions. Mr. Frederick should be sentenced to eight months of incarceration, with 18 months of supervised release to follow. A custodial sanction at the low end of the guideline range is warranted given Mr. Frederick's honesty with his probation officer and acceptance of responsibility.

Supervised release should be continued as Mr. Frederick admitted he needs the structure it provides. The same conditions should apply. A term of 18 months would allow Mr. Frederick time to receive treatment and ensure he remains accountable to his probation officer for several months after treatment ends. If Mr. Frederick successfully completes treatment as recommended by his probation officer in compliance with Special Condition 5, the Court should consider reducing the term of his supervised release.

### IV. Conclusion

Mr. Frederick was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Frederick's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Frederick's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

1. Brian Karl Frederick, Jr., violated Standard Condition 2 of his supervised release by failing to submit written monthly reports in November 2014, December 2014, January 2015, February 2015, and March 2015, and by failing to report to his probation officer as directed on February 20, 2015.

2. Brian Karl Frederick, Jr., violated Standard Condition 7 of his supervised release by failing to refrain from the use of marijuana on October 18, 2014, December 6, 2014, February 16, 2015, and on a regular basis for two weeks prior to March 4, 2015.

3. Brian Karl Frederick, Jr., violated Special Condition 1 of his supervised release by failing to abstain from the consumption of alcohol on May 11, 2014, August 12, 2014, December 6, 2014, February 17, 2015, and on a regular basis for two weeks prior to March 4, 2015.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Frederick's supervised release and committing Mr. Frederick to the custody of the United States Bureau of Prisons for eight months, with 18 months of supervised release to follow. If Mr. Frederick successfully completes substance abuse treatment as recommended by his probation officer in compliance with Special Condition 5, the Court should consider reducing the term of his supervised release.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 24th day of April, 2015.

/s/ John Johnston  
John Johnston  
United States Magistrate Judge