IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN KARL FREDERICK,<br><br>Defendant. | CR-12-79-GF-BMM<br><br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Frederick of violating his conditions of supervised release by (1) possessing marijuana, (2) possessing MDMA, (3) possessing drug paraphernalia, (4) using marijuana, (5) submitting a urine sample that tested positive for marijuana, (6) possessing drug paraphernalia, and (7) using THC. Mr. Frederick admitted to allegations 4, 5, and 7 and denied all other allegations. His supervised release should be revoked, and he should be sentenced to six months in custody, with no supervised release to follow.

## II. Status

Chief United States District Judge for the District of Montana Dana Christensen sentenced Mr. Frederick to twenty months in custody, with sixty months of supervised release to follow, on February 20, 2013, after he pleaded

guilty to Failure to Register as a Sex Offender. (Doc. 33.) Mr. Frederick began his first term of supervised release on March 18, 2014.

United States District Judge Brian Morris revoked Mr. Frederick's supervised release on May 11, 2015, because Mr. Frederick failed to report to his probation officer as directed, consumed marijuana, and consumed alcohol. (Doc. 50.) Judge Morris sentenced Mr. Frederick to eight months in custody, with eighteen months of supervised release to follow. (*Id*.)

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on May 11, 2017, accusing Mr. Frederick of violating the conditions of his supervised release by (1) possessing marijuana, (2) possessing MDMA, (3) possessing drug paraphernalia, (4) using marijuana, (5) submitting a urine sample that tested positive for marijuana, (6) possessing drug paraphernalia, and (7) using THC. (Doc. 55.) Judge Morris issued a warrant for his arrest based on the allegations in the petition. (Doc. 56.)

**Initial appearance**

Mr. Frederick appeared before the undersigned for an initial appearance on June 22, 2017, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance.  Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Frederick said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Frederick admitted to allegations 4, 5, and 7 in the petition. The United States did not adjudicate the remaining allegations. The admitted violations are serious and warrant revocation of his supervised release.

Mr. Frederick's violation grade is Grade C, his criminal history category is VI, and his underlying offense is a level 10 felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for eight to fourteen months in custody.

Mr. Arvanetes recommend a custodial sentence, with no supervised release to follow. Mr. Frederick exercised his right of allocution and stated that he did not receive treatment in prison and had no contact with his probation officer. Mr. Weldon recommended a sentence of either eighteen months in custody, with no supervised release to follow or a sentence of eight months in custody, with ten months of supervised release to follow.

### III. Analysis

Mr. Frederick's supervised release should be revoked because he admitted to

violating its conditions. He should be sentenced to sentenced to six months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Frederick was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Brian Karl Frederick violated the conditions of his supervised release by using marijuana and submitting a urine sample that tested positive for marijuana.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Frederick's supervised release and committing him to the custody of the United States Bureau of Prisons for six months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO**

## OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 29th day of June 2017.

_____
John Johnston
United States Magistrate Judge